539 A.2d 1169

**Edward H. VanSICKLE, Sr.**

**v.**

**M.O.M., INC., d/b/a Parkway Village.**

**No. 1155, Sept. Term, 1987.**

Court of Special Appeals of Maryland.

April 13, 1988.

Walter W. Pitsenberger, Bowie, for appellant.

Julian B. Stevens, Jr., Annapolis, for appellee.

Argued before MOYLAN and BISHOP, JJ., and JAMES S. GETTY, Associate Judge of the Court of Special Appeals (retired), Specially Assigned.

BISHOP, Judge.

Edward H. VanSickle, Sr. (VanSickle) appeals from an Order of the Circuit Court for Anne Arundel County by which summary judgment was granted in favor of the appellee, M.O.M., Inc. (M.O.M.). He argues that the court erred in ruling that the standards promulgated by M.O.M. pursuant to the provisions of § 8A–301(b) of the MD.REAL PROP.CODE ANN. (1988 Repl. Vol.) applied to his mobile home upon the sale of that home to a buyer.

## FACTS

M.O.M. owns and operates a mobile home park. VanSickle has resided in his mobile home in the park for twenty-two years. The most recent rental agreement (the Agreement) between the parties was signed on August 8, 1980 and was for a one-year term. The Agreement provided that upon expiration of the one-year term, the tenancy would become month to month "subject to all the conditions and covenants of said Agreement as though the same had originally been a monthly instead of a term tenancy". Paragraph 15 of the Agreement subjected the resident's right to sell his mobile home to certain specified conditions and procedures. Paragraph 17 of the Agreement contained the required minimum standards for mobile homes located in the park; subsection (a) covered first time placement and subsection (b) covered retention of homes in the park after resale.[1]

When VanSickle sought to sell his mobile home,[2] he was notified by M.O.M. that any purchaser would have to remove the unit from the mobile home park because it did not meet the minimum standard for width contained in Paragraph 17 of the Agreement. VanSickle responded by filing a complaint for declaratory relief pursuant to the Maryland Uniform Declaratory Judgments Act, MD.CTS. & JUD. PROC.CODE ANN. §§ 3–401 through 3–415 (1984 Repl. Vol.). M.O.M. filed an answer and a motion for summary

---

1. Paragraph 17 provides in pertinent part:
    MINIMUM STANDARDS OF MOBILE HOMES. All homes to be placed in the park for the first time, or retained after resale in the park, must meet the following minimum standards with respect to size, quality, appearance, material specification, construction and safety condition.

   .    .    .    .    .

    (b) HOMES TO BE RETAINED IN PARK AFTER RESALE.
    1. Size: Width 12 feet and length 44 feet. (excluding hitch) Width 24 feet and length 36 feed [sic]. (excluding hitch)

   .    .    .    .    .

   The record does not indicate the manner or the extent to which VanSickle's unit fails to comply with this paragraph.

2. VanSickle's compliance with the notice requirement of Paragraph 15 is undisputed.

judgment. The motion was granted by the circuit court on the grounds that the standards promulgated by M.O.M., pursuant to Section 8A–301(b) of the MD.REAL PROP. CODE ANN. (1988 Repl.Vol.), could be enforced against a purchaser of VanSickle's mobile home. This appeal followed.

"In reviewing the grant or denial of a motion for summary judgment, we are concerned primarily with deciding whether a material factual issue exists, and in this regard, all inferences are resolved against the moving party". *King v. Bankerd,* 303 Md. 98, 110–111, 492 A.2d 608 (1985); *Coffey v. Derby Steel Co.,* 291 Md. 241, 246, 434 A.2d 564 (1981); *Tellez v. Canton R.R.,* 212 Md. 423, 430, 129 A.2d 809 (1957); *see also* Md.Rule 2–501. The court's function "is merely to determine whether there is an issue of fact to be tried, and if there is none, to cause judgment to be rendered accordingly." *Coffey, supra,* [291 Md.] at 247, 434 A.2d 564; *see also Berkey v. Delia,* 287 Md. 302, 326, 413 A.2d 170 (1980), *Tellez, supra,* 212 Md. at 430, 129 A.2d 809.

In the case *sub judice,* the court granted summary judgment in favor of M.O.M. based on its ruling that § 8A–301(b) of the Maryland Mobile Homes Park Act of 1980 permitted the enforcement of the size restrictions against a subsequent purchaser of VanSickle's mobile home. VanSickle contends that even though his mobile home does not meet the size restrictions for mobile homes retained in the park, as promulgated by M.O.M. pursuant to § 8A–301,[3] the effect of the court's ruling contravenes the express mandate of § 8A–601 which provides:

---

**3.** Section 8A–301 provides in pertinent part:

(a) *Promulgation.* A park owner may promulgate written, reasonable rules related to the order, peace, health, safety, and qualification standards of mobile homes, residents, and the operation of the park.

(b) *Appearance and construction standards; enforcement.* (1) A park owner may prescribe reasonable standards for the mobile homes to be placed or retained in the park, their size, quality,

A park owner may not:

(1) Prevent a resident from selling his mobile home in the park; and

(2) Require the resident to remove the mobile home from the park because of the sale of the mobile home.

In essence, VanSickle's argument is that the court has allowed M.O.M. to do by rule (Paragraph 17) that which is prohibited by statute (§ 8A–601). We disagree. Section 8A–601 prohibits the park owner from requiring removal of the mobile home *"because of the sale of the mobile home"*. Here, it is not the sale which is at issue but, rather, the size restrictions promulgated under § 8A–301(b). VanSickle also neglects to note that under § 8A–602 of the Act, "[a] park owner may prescribe by rule that, in any sale of a mobile home by which the mobile home is to be retained in the park, *he reserves the right to approve the buyer and the standards of the mobile home.*" (Emphasis added.) Subsection 6 of Paragraph 15 of the Agreement provides:

SALE OF MOBILE HOME BY RESIDENT. The resident shall have the right to sell his mobile home which will be retained on the site, subject to the following conditions and procedure:

(a) Thirty (30) days prior written notice shall be given to Park Owner by any Resident who intends to sell his home. "For Sale" signs shall be limited to one sign not to exceed 12 x 12 inches in size and shall only be displayed inside the window of [the] home for sale.

(b) *The Resident shall permit the Owner to inspect the mobile home for sale,* including all structures

---

appearance, material specification, construction and safety condition.

(2) A rule adopted pursuant to paragraph (1) of this subsection setting a standard for the size, quality, material specification, or construction of mobile homes may not be enforced against any individual who, at the time the standard is adopted, is the owner or tenant of a mobile home in the park, as to that mobile home.

\*    \*    \*    \*    \*    \*

appurtenant thereto, *to determine whether or not the home will meet the current park standards with respect to size,* quality, appearance, material specifications, construction and safety conditions, *in order that [the] home may remain in the park upon resale.* Said inspection shall be made within ten (10) days of Owner's receipt of written notice from the Resident.

(c) The Owner shall notify the Resident of the results of the inspection, in writing, within five (5) days of the inspection and shall furnish the Resident with (1) a written list of any necessary repairs, modifications and/or changes which must be completed to the Park Owner's satisfaction, prior to occupancy by any purchaser of the home or (2) a statement that the home does not meet the resale standards and may not remain in the Park after resale. (Emphasis added.)

In Paragraph 16, M.O.M. reserved the right to approve a prospective buyer:

APPROVAL OF PROSPECTIVE RESIDENT. Park Owner reserves the right to approve a prospective resident and purchaser of a mobile home to be retained in the park. Such prospective resident must qualify and be acceptable as to credit, job stability and family status, on the same basis as required of existing residents and complete the necessary documents required for a new Resident prior to occupancy or the home will be subject to removal from the park.

■ M.O.M. has a statutory right to do what it has done: disapprove the retention of a mobile home in the park after sale based upon non-compliance with standards promulgated pursuant to § 8A–301(b). It is undisputed that the restrictions contained in Paragraph 17 of the Agreement are in compliance with § 8A–301(b), since they relate to the *size* of the homes to be *retained in* the park after resale. M.O.M. is free to apply those restrictions to a mobile home to be retained in the park after re-sale.

■ Since our reading of the statute comports with that of the trial court, we would ordinarily affirm its judgment under these circumstances. Nonetheless, we are compelled to reverse its decision because we hold that a genuine issue of material fact was raised regarding the *reasonableness* [4] of the restrictions by virtue of VanSickle's affidavit of July 30, 1987 which provides:

> Comes now Edward H. VanSickle, Sr. who makes the following additional Affidavit, based upon personal knowledge and information and states:

> Since my suit was filed in this case, another unit in the trailer park has been listed and sold. That unit has not been removed from the park, although it did not comply with the standards and regulations which the defendant, M.O.M., Inc., is using to prevent me from selling my unit.

> The transfer of this non-complying unit is evidence that the application of the park standards, against me, is arbitrary, capricious, and violates my right to sell my unit.

> Under the penalties of perjury I swear or affirm that the foregoing statements are true and correct. They are based upon my personal knowledge and information.

If VanSickle produces evidence to support the allegations contained in his affidavit, the trial court could conclude that the standards promulgated by M.O.M. pursuant to § 8A–301 are unreasonable because of their selective enforcement. If some trailers which do not comply with the standards set out in the regulations are permitted to remain in the park, one could conclude that these standards, being arbitrarily implemented, do not meet the reasonableness requirement of the statute. Based on the foregoing, Van-Sickle's affidavit is enough to raise a genuine issue of a material fact which precludes summary judgment. *Berkey, supra,* [287 Md.] at 326, 413 A.2d 170.

---

4. *See* Section 8A–301(b), Note 3, *supra.*

JUDGMENT REVERSED; CASE REMANDED TO CIRCUIT COURT FOR ANNE ARUNDEL COUNTY.
COSTS TO BE PAID BY APPELLEE.